**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

Debtor.

No. 98-1436

IDA SCOTT MARSHALL,
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: September 22, 1998

Decided: October 16, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ida Scott Marshall, Appellant Pro Se. Orran Lee Brown, Sr.,
DALKON SHIELD CLAIMANTS TRUST, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ida Scott Marshall appeals the district court's order denying her Fed. R. Civ. P. 60(b)(1) motion seeking relief from the district court's order denying her motion for reinstatement of her disallowed Dalkon Shield claim. Because the district court did not abuse its discretion, we affirm.

Marshall filed a timely Dalkon Shield claim. In order to perfect her claim, Marshall, like other claimants, was required to complete a questionnaire giving information about herself and her alleged injuries and to return the questionnaire to the bankruptcy court by June 30, 1986. Marshall did not return a completed questionnaire.

The district court gave claimants who failed to return the initial questionnaire a second chance to perfect their claims. To that end, a second questionnaire was mailed to those claimants who had not submitted initial questionnaires. The second questionnaire included a warning that, unless the completed questionnaire was postmarked or delivered to the court by July 15, 1987, the court would disallow the claim. Marshall never returned a completed second questionnaire.

The district court subsequently entered an order disallowing the claims of all Dalkon Shield Claimants, including Marshall, who had not submitted timely, completed questionnaires. The court also sent a notice to claimants affected by the order that it would reconsider the disallowance of their claims if it received a written request for reinstatement by September 11, 1987. To facilitate the reconsideration process, the court sent a one-page form (the Reinstatement Request Form) to holders of disallowed claims, including Marshall.

Marshall submitted a timely Reinstatement Request Form. She asserted nothing to explain her failure to submit a completed ques-

2

tionnaire. Instead, she discussed her age at the time her Dalkon Shield was inserted, the problems she had experienced as a result of using the device, and her claim that the Dalkon Shield was not properly tested before being placed on the market.

A special master recommended that certain claims, including Marshall's, remain disallowed. The district court set a hearing so that holders of claims that the special master had recommended remain disallowed could persuade the court otherwise. The court instructed persons objecting to the recommendation to timely object in writing or to attend a hearing where they could present persuasive new evidence supporting reinstatement. Marshall neither filed written objections nor attended the hearing. In an order dated February 12, 1988, the court denied Marshall's request for reinstatement.

On August 2, 1990, Marshall filed a Fed. R. Civ. P. 60(b)(1) motion seeking relief from the order denying reinstatement of her disallowed claim. She stated that she was separated from her husband and living at a different address between 1983 and 1986 and therefore did not receive either questionnaire. She claimed that she filed a change of address form with the post office. However, she failed to notify the bankruptcy court of her new address.

The district court denied her motion. The court noted that the motion was untimely and lacked merit. Marshall timely appealed the denial of her motion.

Rule 60(b)(1) authorizes relief from a final judgment because of excusable neglect. Such motions must be filed within one year of the order from which the movant seeks relief. See Fed. R. Civ. P. 60(b). The remedy of Rule 60(b) "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). We review the denial of a Rule 60(b) motion for abuse of discretion. See Heyman v. M. L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997).

Marshall's motion was untimely, having been filed more than one year after entry of the order from which she seeks to be relieved. Further, the grounds for relief that Marshall identifies do not constitute excusable neglect largely because the failure to perfect her claim was

her fault. See Home Port Rentals, Inc., v. Ruben , 957 F.2d 126, 132 (4th Cir. 1992). It was incumbent upon her to keep the court apprised of her whereabouts and to inquire about the status of her claim. Because her motion was both untimely and without merit, the district court did not abuse its discretion.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4